IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DERRICK CLAY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 3:07-cv-509 JPG |
| KEVIN MURRAY and DARL PRANGE, | ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

On July 12, 2007, the Plaintiff, a prisoner acting pro se, filed a complaint against a number of Illinois Department of Corrections officials alleging violations of his constitutional rights (Doc. 1). On October 21, 2008, the District Court completed its threshold review of the complaint, finding that Plaintiff presented a claim against Defendants Murray and Prange for failing to protect him from assault by another inmate (Doc. 24). On April 13, 2009, Defendants filed a Motion for Summary Judgment (Doc. 20). The sole issue Defendants raise is that Plaintiff failed to exhaust his administrative remedies prior to filing suit, in violation of 42 U.S.C. §1997e(a) (Doc. 22).

The Seventh Circuit recently held that discovery on the merits should not begin until the question whether a plaintiff has exhausted his administrative remedies within the meaning of the Prison Litigation Reform Act has been resolved. *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). In an attempt to comply with *Pavey* as closely as possible, the Court will follow the procedure outlined below.

1. The parties are granted 60 days in which to conduct discovery related exclusively to the issue of exhaustion of administrative remedies.

2. The undersigned magistrate judge will hold a hearing on the question whether

Plaintiff has exhausted his administrative remedies on **July 1, 2009, at 2:00 p.m.** in the East St. Louis Federal Courthouse. Plaintiff shall participate by videoconference. Defendants shall appear in person. Plaintiff is granted additional time–until **June 22, 2009**–to respond to the motion for summary judgment. In lieu of witness testimony, the parties may submit briefs, affidavits, and exhibits relevant to the question of exhaustion. Any additional briefs, affidavits, and exhibits relevant to the question of exhaustion are also due **June 22, 2009.**

3. The undersigned will make a written Report and Recommendation to the presiding United States District Judge recommending a factual determination on the exhaustion issue based on the evidence presented at the hearing.

**IT IS SO ORDERED.**

**DATED:  April 15, 2009**

                                                    *s/ Donald G. Wilkerson*
                                                    **DONALD G. WILKERSON**
                                                    **United States Magistrate Judge**