IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DERRICK L. CLAY, )
)
    Plaintiff, )
)
v. ) Case No.07-cv-509 DRH
)
ROGER WALKER, et al. )
    Defendants. )
)

## REPORT AND RECOMMENDATIONS

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the question whether Plaintiff exhausted his administrative remedies with the Illinois Department of Corrections prior to filing this lawsuit. For the reasons set forth below, it is **RECOMMENDED** that the Court **FIND** that Plaintiff did not exhaust his administrative remedies, that Defendants' Motion for Summary Judgment be **GRANTED,** that the case be **DISMISSED**, and that the Court adopt the following findings of fact and conclusions of law:

### FINDINGS OF FACT

Plaintiff filed his complaint under 42 U.S.C. § 1983 on July 12, 2007, alleging violations of his constitutional rights at Menard Correctional Center. Upon threshold review of that complaint, United States District Judge J. Phil Gilbert found that Plaintiff had stated one claim against Defendants Murray and Prange for failing to prevent a physical assault against him by another inmate (Doc. 12).

On April 13, 2009, Defendants Murray and Prange filed a Motion for Summary Judgment, arguing exclusively that Plaintiff failed to exhaust his administrative remedies prior to filing suit

(Doc. 20). They argue that Plaintiff submitted an emergency grievance to the Warden dated December 28, 2006, complaining of a disciplinary report Plaintiff received on November 29, 2006, stemming from the alleged assault (Doc. 20, Exh. A). On January 12, 2007, the grievance officer determined that the grievance did not present an emergency and wrote a memo to Plaintiff informing him that the grievance was not an emergency and that he should follow department procedure by contacting his correctional counselor to file a non-emergency grievance (Exh. B). Plaintiff did not do this and submitted the grievance directly to the Administrative Review Board ("ARB"). It was returned to Plaintiff on March 19, 2007, with the instruction that Plaintiff use the Committed Person's Grievance Form and submit it to the Grievance Officer and Chief Administrative Officer ("CAO") before filing an appeal (Exh. C).

Thereafter, Plaintiff filed two grievances regarding the incident described in the complaint (Exhs. D and F). Both were denied by the Grievance Officer on June 29, 2007; the CAO concurred on July 2, 2007. Plaintiff sent both of the grievances to the ARB, which received them on August 10, 2007. They were returned to the Plaintiff without review by the ARB, however, because they were submitted outside of the 30 days in which Departmental Rule 504 affords for appeal of a denied grievance (Exh. E). Defendants submit the affidavit of Sherry Benton indicating that the appeal to the ARB was not received until August 10, 2007 (Exh. G).

Plaintiff filed a response to the Motion for Summary Judgment arguing that he followed all the required steps to exhaust his administrative remedies (Doc. 28). Plaintiff states that he placed the appeals to the ARB in the Menard outgoing mail on July 21, 2007, which should have been sufficient time for the ARB to receive the grievance appeals by the August 2, 2007, deadline. Plaintiff states that staff misconduct might be to blame for the mishandling of the letter.

Nevertheless, he argues, there is nothing more he could do to get the letter to the ARB on time. Plaintiff submits an affidavit averring that he placed the appeal to the ARB in the Menard outgoing mail on July 21, 2007.

*Hearing*

On July 1, 2009, the Court held a hearing on the question whether Plaintiff exhausted his administrative remedies prior to filing suit (Doc. 29). Evidence adduced at that hearing mirrored the evidence provided by Defendants in their Motion for Summary Judgment, and by Plaintiff in his response thereto. Namely, Plaintiff stated he placed the letter to the ARB in the outgoing mail at Menard Correctional Center on July 21, 2007, which should have allowed for sufficient time for the letter to reach the ARB by the August 2, 2007, deadline. Defendants argued that the ARB did not receive the letter until August 10, 2007, eight days outside of the timeframe for appeal under the Departmental Rules.

Defendants raised one additional argument at the hearing: Plaintiff filed his lawsuit prior to attempting to appeal the grievances to the ARB. Defendants argued that Plaintiff's complaint was signed on March 27, 2007, and filed with this Court on July 12, 2007, nine days before he states he placed the appeal to the ARB in the outgoing mail at Menard.

**CONCLUSIONS OF LAW**

The Prison Litigation Reform Act ("PLRA") provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*, 182 F.3d

532, 534-535 (7th Cir. 1999) (stating that §1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006). The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90, (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)).

The Illinois Administrative Code sets out the procedure for the filing of grievances by inmates. An inmate must first attempt to resolve the complaint informally. If the complaint is not resolved, the inmate may file a grievance within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. Ill. Admin. Code § 504.810. The grievance officer is required to advise the CAO at the facility in writing of the findings on the grievance. The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed. Ill. Admin. Code § 504.830. An inmate may appeal the decision of the CAO in writing within 30 days. Ill. Admin. Code § 504.850. *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006).

Taking as true the representation in the affidavit submitted in response to the Motion for Summary Judgment and Plaintiff's testimony at the July 1 hearing that he did not attempt to appeal the grievances regarding the incidents in this lawsuit to the ARB until July 21, 2007, the Court finds that Plaintiff did not exhaust his administrative remedies prior to filing his lawsuit on July 12, 2007. Exhaustion is a precondition to filing suit. The facts raised in the Motion for Summary Judgment

and response thereto and those adduced at the hearing clearly show that Plaintiff did not complete the administrative process prior to filing his lawsuit. Thus, he had not exhausted all available administrative remedies prior to filing suit as required under the PLRA.

## CONCLUSION

For the reasons set forth above, it is hereby **RECOMMENDED** that the Court **FIND** that Plaintiff failed to exhaust his administrative remedies prior to filing suit, that Defendants' Motion for Summary Judgment (Doc. 20) be **GRANTED**, that the action be **DISMISSED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1, the parties shall have ten (10) days after the service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge these Recommendations before either the District Court or the Court of Appeals. Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: July 2, 2009**

                                        s/ *Donald G. Wilkerson*
                                        **DONALD G. WILKERSON**
                                        **United States Magistrate Judge**